NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-2033

———————

UNITED STATES OF AMERICA

v.

EDWIN PAWLOWSKI,

Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-17-cr-00390-001)
District Judge: Honorable Juan R. Sanchez

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2020

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: June 26, 2020)

———————

OPINION*

———————

AMBRO, Circuit Judge

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Edwin Pawlowski, a federal inmate who has served less than two years of his 15-year sentence but whose medical conditions place him at increased risk should he contract COVID-19, appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1).  We affirm.

I.

A jury convicted Pawlowski of federal program bribery, Travel Act bribery, attempted Hobbs Act extortion, wire and mail fraud, honest services fraud, making false statements to the FBI, and conspiracy.  The charges stemmed from a scheme in which Pawlowski—then the mayor of Allentown, Pennsylvania—steered city contracts and provided other favors in exchange for campaign contributions.  The District Court imposed a 180-month sentence, which was within the applicable Sentencing Guidelines range of 151 to 188 months.

Pawlowski appealed his conviction and sentence (the "merits appeal"), arguing, among other things, that the District Court's sentence was procedurally and substantively unreasonable.  The merits appeal remains before us, as we stayed it pending briefing by Pawlowski's co-defendant.

Meanwhile, on May 4, 2020, Pawlowski asked the District Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1).[1]  He noted that he suffers from several health conditions, including hypertensive heart disease, chronic obstructive

---

[1] Before seeking compassionate release, Pawlowski asked us to release him, pending his merits appeal, under a provision of the Bail Reform Act, 18 U.S.C. § 3143(b).  We denied release under this provision, as Pawlowski had not shown that his merits appeal raises a substantial question of law or fact.

pulmonary disease (COPD), dyspnea (shortness of breath), sleep apnea, and has only one lung as a result of a pulmonectomy. He argued that these conditions place him at a higher risk of serious illness and death from COVID-19 should he contract that disease. He further explained that the facility at which he is currently incarcerated, the Federal Correctional Institution at Danbury, Connecticut ("FCI Danbury"), has been particularly affected by COVID-19. Indeed, as of June 19, 2020, 98 inmates have tested positive for the virus, one of whom has died and 91 of whom have recovered. *See* COVID-19 Cases, Federal Bureau of Prisons (last accessed June 19, 2020), https://www.bop.gov/coronavirus/. Additionally, 61 staff members at FCI Danbury have tested positive, of whom none have died and 60 have recovered. *See id.*[2]

The District Court denied the motion. It explained that while Pawlowski's conditions place him at increased risk should he contract COVID-19, the sentencing factors set out at 18 U.S.C. § 3553(a)—particularly, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence—did not weigh in favor of release, as he had served just 19 months of a 180-month sentence. *United States v. Pawlowski*, No. 17-cr-390, 2020 WL 2526523, at *7–8 (E.D. Pa. May 18, 2020). Pawlowski appeals.

---

[2] Presumably, the remaining six inmates and one staff member are still suffering from the virus.

The compassionate-release provision states that a district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[4] But before granting compassionate release, a district court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).[5] Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(A)–(B).

The Government does not dispute for purposes of this appeal that Pawlowski's health conditions and the risks they present in light of the current COVID-19 outbreak

---

[3] The District Court had jurisdiction over this criminal case under 18 U.S.C. § 3231. Because Pawlowski's merits appeal was (and remains) pending before us, the District Court's jurisdiction to decide the compassionate release motion was confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if we were to remand the case to the District Court for that purpose. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (explaining that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Fed. R. Crim. P. 37(a) (providing that, where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue"). We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's denial of the motion.

[4] Before the District Court, Pawlowski argued that this provision permits a court to release an inmate temporarily. The District Court rejected that argument, explaining that the provision permits a court to reduce a sentence, not to grant a temporary release.

4

constitute "extraordinary and compelling reasons" that may allow a court to grant compassionate release. But it maintains that the District Court acted within its discretion in denying Pawlowski compassionate release based on its weighing of the applicable § 3553(a) factors.

We review the Court's conclusion that the § 3553(a) factors do not weigh in favor of granting compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Thus, we will not disturb the District Court's decision "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (citation and quotation marks omitted).

We discern no clear error of judgment here. Rather, the District Court reasonably concluded that several of the § 3553(a) factors—particularly, the need for a sentence that promotes respect for the law, provides deterrence, and reflects the seriousness of the offense—counsel against compassionate release, as that relief would effectively reduce Pawlowski's sentence from 15 years to less than two years' imprisonment. We have not previously considered whether a district court abuses its discretion by denying a motion for compassionate release based on the amount of time remaining to be served in the inmate's sentence. But we note that many district courts have taken that into account in

Pawlowski does not challenge this conclusion on appeal, but rather argues only that the District Court erred in declining to reduce his sentence.

[5] The sentencing reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

considering whether to grant compassionate release. *See, e.g.*, *United States v. Bogdanoff*, No. 12-cr-190-1, — F. Supp. 3d —, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020) (denying compassionate release where the inmate had served only seven years of an 18-year sentence, and noting that the case was "much different than others where defendants [sought compassionate release] at the end of their sentence"); *United States v. Moskop*, No. 11-cr-30077, 2020 WL 1862636, at *1–2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where the inmate had served less than 10 years of a 20-year sentence and explaining that the "sentencing objectives of specific deterrence and protecting the public [would] not [be] fully served by less than 10 years of incarceration").[6] We cannot conclude that the District Court's decision not to reduce Pawlowski's sentence from 15 years to less than two years was unreasonable.

Pawlowski argues that his lengthy sentence "was completely out of the heartland . . . and inconsistent with a true analysis of the § 3553(a) factors" in the first place, and thus the denial of compassionate release based on the length of his unserved sentence is "doubly cruel." Pawlowski Br. 11. But his sentence was within the applicable Sentencing Guidelines range and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007).

Pawlowski also argues that his medical condition is more serious, and his offense less serious, than those for whom other courts have rejected compassionate release. The

---

[6] Pawlowski cites cases in which courts have granted compassionate release even where the inmate had only served a small portion of the original sentence. But the sentences in these cases were much shorter. *See, e.g.*, *United States v. Foreman*, No. 19-cr-362, 2020 WL 2315908, at *1 (D. Conn. May 11, 2020) (granting compassionate release where the defendant was sentenced to only a year).

District Court acknowledged that Pawlowski's health conditions, and the risks they present should he contract COVID-19, are very serious. But it also reasonably concluded that "Pawlowski's crimes were extraordinarily serious, involving abuse of a position of public trust," and that these crimes required "a significant period of incarceration." *Pawlowski*, 2020 WL 2526523, at *7. And, as the District Court further explained, "reducing Pawlowski's sentence to time served would result in his serving less time than . . . his former campaign manager and coconspirator, who pleaded guilty and was sentenced to 60 months." *Id.*

\* \* \* \* \*

In sum, we cannot conclude that the District Court here abused its discretion by holding that the § 3553(a) factors weigh against granting Pawlowski compassionate release. Hence we affirm.[7]

---

[7] We do not decide here whether Pawlowski may be eligible for any other form of relief, such as habeas relief, based on his medical conditions and the risks they present should he contract COVID-19, or based on the situation at FCI Danbury. As the District Court noted, a class action seeking habeas relief for inmates at FCI Danbury, and challenging the prison's response to the COVID-19 outbreak on various grounds, is ongoing in the District of Connecticut. *See Martinez-Brooks v. Easter*, No. 20-cv-569, — F. Supp. 3d —, 2020 WL 2405350, at *32 (D. Conn. May 12, 2020) (granting in part the inmates' motion for a temporary restraining order).